# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **McKESSON CORPORATION, successor in interest to ONCOLOGY THERAPEUTICS NETWORK** | § § § § | |
| **Plaintiff,** | § § | |
| VS. | § § | **CIVIL ACTION NO. 3:08-CV-01357-0** |
| **SYRACUSE HEMATOLOGY ONCOLOGY, P.C.** | § § § § | |
| **Defendant** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Dismiss (Doc. # 8) filed August 6, 2008 and Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue (Doc. # 5) filed August 6, 2006. Having reviewed these pleadings, the Court **GRANTS** Plaintiff's Motion to Dismiss and **DENIES** Defendant's Motion to Dismiss as moot.

## I.
## BACKGROUND

This is a suit on a sworn account originally filed in Texas state court. Plaintiff alleged Defendant failed to pay $480,171.00 for merchandise it sold to Defendant. *See* Dft.'s Not. of Rem. (Doc. #1). Because of diversity of citizenship, Defendant removed this case to federal court. (Doc. #1). Defendant filed its Motion to Dismiss generally alleging this Court has no personal jurisdiction over it. *See* Dft.'s Mot. To Dism. On the same day, Plaintiff filed its Motion to Dismiss under Rule 41 of the Federal Rules of Procedure. *See* Plt's. Mot. to Dism. Accordingly, the issue is ripe for determination.

II.

DISCUSSION

A.    <u>Plaintiff's Motion for Voluntary Dismissal</u>

Rule 41(a)(1) of the Federal Rules of Civil Procedure allows a plaintiff to dismiss an action without a court order only if notice of the dismissal is filed prior to the defendant's answer or motion for summary judgment and if the plaintiff has not previously dismissed an action "based on or including the same claim." FED. R. CIV. P. 41(a)(1). When the defendant has filed an answer or motion for summary judgment, Rule 41(a)(2) allows the plaintiff to move for dismissal only by a stipulation signed by all parties, FED. R. CIV. P. 41(a)(1)(ii), or by order of the court, "upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). The plaintiff's right to dismissal under Rule 41(a)(2) "is not absolute." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The decision rests within the sound discretion of the district court and is only reviewed for an abuse of discretion. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985).

Under circuit precedent, a district court should freely grant a motion for voluntary dismissal unless it finds the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Legal prejudice has been defined as prejudice to some legal interest, some legal claim, [or] some legal argument." *Espinoza v. Nacher Corp.*, No. 1:07-CV-051, 2007 WL 1557107, at *2 (E.D. Tex. May 24, 2007). For example, courts have found legal prejudice to exist where dismissal might result in a defendant's loss of a potentially valuable defense. *Hyde,* 511 F.3d at 509; *U.S. ex rel. Matthews v. HealthSouth Corp.,* 332 F.3d 293, 297 (5th Cir. 2003) (citing *Elbaor,* 279 F.3d at 318). Likewise, a defendant's loss of significant time, effort, or expense in preparing for trial can also constitute legal prejudice.

*U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003); *Oxford v. Williams Companies, Inc.*, 154 F. Supp. 2d 942, 952-53 (E.D. Tex. 2001). For example, the court denied dismissal in *Oxford* when the plaintiff filed for dismissal after twenty-one months of significant trial preparation. *Oxford*, 154 F. Supp. 2d at 952.

In deciding whether to grant dismissal, a district court takes a number of factors into consideration though "there is no single formula for balancing a court's discretion on a Rule 41(a)(2) determination." *Oxford*, 154 F. Supp. 2d at 951. These factors, among other considerations, typically include: (1) when in the course of litigation the plaintiff files the motion, *see Oxford*, 154 F. Supp. 2d at 951; (2) whether the suit is still in pretrial stages, *see Templeton*, 901 F.2d at 1275-76; (3) whether the parties have filed numerous pleadings and memoranda, (4) whether the parties have attended conferences, (5) whether there are prior court determinations adverse to the plaintiff's position, *see Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); (6) whether hearings have been held, (7) whether any defendants have been dismissed on summary judgment, and (8) whether the parties have undertaken significant discovery, *see Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990); *see also Espinoza*, 2007 WL 1557107 at *2.

In fact, there are only a limited number of circumstances that will warrant denial of a Rule 41(a)(2) motion since "the [court] should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 204 (N.D. Tex. 1988) (citing *LeCompte*, 528 F.2d at 604). This Court has previously recognized that outright denial of a motion to dismiss may be appropriate when "the defendant demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) there is an objectively reasonable basis for requesting that the merits of the action be resolved

in this forum in order to avoid legal prejudice." *Radiant,* 122 F.R.D. at 203-04. However, a pending claim-dispositive motion, such as a motion for summary judgment, is only a single factor within the court's analysis and does not, in and of itself, preclude dismissal. *Bhullar v. Sonoco Prods. Co.*, No. 3:02-CV-2283-G, 2004 U.S. Dist. LEXIS 514, at *13 (N.D. Tex. 2004); *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001); *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). Further, a motion for voluntary dismissal should be denied where "a plaintiff seeks to circumvent an expected adverse result." *See e.g., Davis*, 936 F.2d at 199 (dismissal denied, in part, because of a comprehensive recommendation issued by the magistrate judge adverse to the plaintiff's position).

In this case, the Court finds that dismissal is warranted because Defendant does not contend it would suffer, nor has it demonstrated, legal prejudice. In fact, Defendant seeks a dismissal as well. *See* Dft's Mot. to Dism. Additionally, given that time and cost spent in preparing the case weighs heavily in determining whether there is any prejudice to the defendant, Plaintiff's early motion for dismissal filed well within the pretrial stage and prior to any Rule 26(f) conferences or discovery indicates a lack of legal prejudice. *See Oxford*, 154 F. Supp. 2d at 952. Unlike the circumstances in *Oxford* involving nearly two years of substantial trial preparation and multiple motions prepared by the parties, Defendant has filed only one motion in this case: namely, its motion to dismiss. Thus, it cannot be said Defendant has spent significant time, effort, or expense in defending this case to warrant denial of Plaintiff's motion to dismiss. *See Oxford*, 154 F. Supp. 2d at 952; *see also Espinoza,* 2007 WL 1557107 at *3.

Finally, it does not appear that Plaintiff is seeking dismissal in order to circumvent an expected adverse result as there are currently no adverse rulings against Plaintiff's position. *See Davis*, 936 F.2d at 199. Accordingly, the Court finds that Plaintiff's Motion to Dismiss is well taken

and is hereby **GRANTED.**

III.

CONCLUSION

In sum, Plaintiff's Motion to Dismiss (Doc. #8) under FED. R. CIV. P. 41(a)(2) is **GRANTED**. It is therefore **ORDERED** that the claims asserted by Plaintiff against Defendant are hereby **DISMISSED** without prejudice. All court costs are to be borne by the party incurring the same.

In view of that ruling, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue (Doc. # 5) is **DENIED** as moot. This Order dismisses all claims and all parties and is a final judgment.

**SO ORDERED** on this 27th day of August, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**